## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JIMMY TOBIAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **U.S. DEPARTMENT OF JUSTICE,** | ) |
| 950 Pennsylvania Ave. NW | ) |
| Washington, D.C. 20530 | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

1. Plaintiff JIMMY TOBIAS brings this suit to force Defendant U.S. DEPARTMENT OF JUSTICE to conduct a reasonable search, issue a determination, and produce Signal messages sent or received by purported interim U.S. Attorney Lindsey Halligan.

## PARTIES

2. Plaintiff JIMMY TOBIAS is an independent reporter who has written for *The Guardian* and *The Nation*, among other media outlets, and is the FOIA requester in this case.

3. Defendant U.S. DEPARTMENT OF JUSTICE is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## OCTOBER 27, 2025 FOIA REQUEST TO DOJ

6. On October 27, 2025, Plaintiff submitted a FOIA request to DOJ's Executive Office for United States Attorneys for "all Signal messages sent or received by interim U.S. Attorney Lindsey Halligan from September 22, 2025 to the date this request is processed."

7. Halligan claimed to serve as the interim United States attorney for the Eastern District of Virginia from September 2025 to January 2026, but her appointment was ruled unlawful by a federal judge in November 2025.

8. A true and correct copy of the FOIA request, along with subsequent correspondence, is included in Exhibit 1.

9. On October 30, 2025, DOJ assigned reference number EOUSA-2026-000051 to the matter. *Id*.

10. On November 18, 2025, DOJ acknowledged receipt of the FOIA request and stated that it needed additional time to process the request due to "unusual circumstances."

11. A true and correct copy of the acknowledgement letter is attached as Exhibit 2.

12. On December 1, 2025, Plaintiff inquired about the status of the FOIA request, including the estimated date of completion, whether the search for records was complete, and what steps DOJ planned to take in the next three months to process the request. Ex. 1.

13. On December 11, 2025, DOJ stated that the request was "awaiting a response from the appropriate search office" and did not provide an estimated date of completion or any of the other information Plaintiff requested.

14. A true and correct copy of the correspondence is attached as Exhibit 3.

15. On January 22, 2026, Plaintiff sent another message to DOJ inquiring about the status of the FOIA request, including the estimated date of completion, whether the search for

records was complete, and what steps DOJ planned to take in the next three months to process the request.  Ex. 1.

16. DOJ did not send any further correspondence to Plaintiff regarding this request.

17. As of the date of this filing, DOJ has not issued a determination on Plaintiff's request.

18. As of the date of this filing, DOJ has failed to make any responsive records promptly available to Plaintiff.

## COUNT I – DOJ'S FOIA VIOLATION

19. Paragraphs 1-18 are incorporated by reference.

20. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

21. Defendant DOJ is a federal agency subject to FOIA.

22. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

23. Defendant DOJ has failed to conduct a reasonable search for records responsive to the request.

24. Defendant DOJ has failed to issue a determination within the statutory deadline.

25. Defendant DOJ has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

i. declare that Defendant has violated FOIA;

ii. order Defendant to conduct a reasonable search for records and to produce the requested records promptly;

iii. enjoin Defendant from withholding non-exempt public records under FOIA;

iv. award Plaintiffs attorneys' fees and costs; and

    v.    award such other relief the Court considers appropriate.

Dated: January 28, 2026

                                                                  RESPECTFULLY SUBMITTED,

                                                                  */s/ Matthew V. Topic*

                                                                  Attorneys for Plaintiff
                                                                  JIMMY TOBIAS

                                                                 Matthew Topic, D.C. Bar No. IL0037
                                                                Stephen Stich Match, D.C. Bar No. MA0044
                                                                Merrick Wayne, D.C. Bar No. IL0058
                                                               LOEVY & LOEVY
                                                                311 North Aberdeen, 3rd Floor
                                                                Chicago, IL 60607
                                                               312-243-5900
                                                                foia@loevy.com